UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

IN RE: §
§
MICHAEL INGRAM § CHAPTER 13
SS# XXX-XX-5083 §
SHANNA CHILDERS INGRAM §
SS# XXX-XX-0619 §
DEBTORS § CASE NO. BK 17-32427-DHW13

## OBJECTION TO CONFIRMATION
## OF DEBTORS' AMENDED CHAPTER 13 PLAN

COMES NOW, Vanderbilt Mortgage and Finance, Inc., a secured creditor in the above bankruptcy proceeding, and hereby objects to the Confirmation of the Debtors' Amended Chapter 13 plan filed on October 25, 2017 (Doc. #34), and as grounds for same would show unto the Court the following:

1. Vanderbilt Mortgage and Finance, Inc. is a secured creditor in the above referenced Chapter 13 proceeding. The Debtors financed the purchase of a 2016 Cavalier Manufactured Home, VIN#CBC047184AL through Vanderbilt Mortgage and Finance, Inc. Vanderbilt Mortgage and Finance, Inc. has a security interest in this collateral as evidenced by the documents attached hereto as Exhibit "A" and incorporated herein.

2. The amount the Debtors propose in their Amended Chapter 13 plan to distribute to Vanderbilt Mortgage and Finance, Inc. on its secured claim is substantially less than the amount of the claim filed by Vanderbilt Mortgage and Finance, Inc. and is substantially less than the actual value of the collateral. As such, the amended plan as proposed violates 11 U.S.C. § 506(a), by proposing to distribute less than the value of Vanderbilt Mortgage and Finance, Inc.'s allowed secured claim.

3. 11 U.S.C. § 1325(a)(5)(b)(ii) requires interest to be paid on an allowed secured claim post confirmation in order to insure the value distributed to a secured creditor on the claim will be

equal to the value of the collateral securing the claim as of the date of Confirmation. The Debtor's amended plan as proposed provides for inadequate interest to be paid on the claim of Vanderbilt Mortgage and Finance, Inc. post confirmation. As such, the amended plan as proposed violates 11 U.S.C. § 1325(a), by proposing to distribute less than the value of Vanderbilt Mortgage and Finance, Inc.'s allowed secured claim.

4. The Debtors' amended plan as proposed is not feasible under §1325(a)(6).

5. The adequate protection payment proposed by the Debtor with respect to Vanderbilt Mortgage and Finance, Inc. is not sufficient and must be increased to approximately 1% of the replacement value of the collateral.

6. The fixed monthly payment proposed in the Debtors' amended plan with respect to Vanderbilt Mortgage and Finance, Inc. is not sufficient and must be increased.

WHEREFORE, Vanderbilt Mortgage and Finance, Inc. moves this Honorable Court to enter an Order denying the Confirmation of the Debtors' proposed Amended Chapter 13 plan pursuant to 11 U.S.C. § 1325(a). Vanderbilt Mortgage and Finance, Inc. prays for such other and further relief to which it may be entitled.

Date: October 27, 2017

/s/ *Kristofor D. Sodergren*
Kristofor D. Sodergren (SODEK-0591)
Attorney for Vanderbilt Mortgage and Finance, Inc.
File No.53803.265

OF COUNSEL

ROSEN ♦ HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
Post Office Box 2727
Tuscaloosa, Alabama 35403
Telephone: (205) 344-5000

Case No. BK 17-32427-DHW13
Page No. 2

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing upon the following:

*By depositing a copy of same in a pre-addressed, stamped envelope with adequate postage prepaid thereon and properly addressed:*

Michael Ingram
Shanna Childers Ingram
Debtors
102 Todd Road
Wetumpka, AL 36092

*Via the Court's Electronic mailing service (CM/ECF):*

Sabrina L. McKinney (trustees_office@ch13mdal.com *via CM/ECF Noticing Services)*
Chapter 13 Trustee
P.O. Box 173
Montgomery, AL 36101-0173

Richard D. Shinbaum (rshinbaum@smclegal.com *via CM/ECF Noticing Services)*
Attorney for Debtors
P.O. Box 201
5665 Perry St. (36104)
Montgomery, AL 36101-0201

This the 27th day of October, 2017.

*/s/ Kristofor D. Sodergren*
Kristofor D. Sodergren (SODEK-0591)
Of Counsel for Vanderbilt Mortgage & Finance, Inc.

Case No. BK 17-32427-DHW13
Page No. 3



CONV [X] FHA [ ] VA [ ]

## CONSUMER LOAN NOTE AND SECURITY AGREEMENT
LENDER: Vanderbilt Mortgage and Finance, Inc. Post Office Box 9800 Maryville, TN 37802

Borrower's Name: Shanna Childers Ingram    Co-Signer's Name:

Borrower's Name: Michael Anthony Ingram    Co-Signer's Name:

Borrower's Address: 1963 CEASARVILLE RD WETUMPKA AL 36092

In this Consumer Loan Note ("Note"), "Borrower" refers to all persons who sign this Note as "Borrower," jointly and severally. "Lender" refers to Vanderbilt Mortgage and Finance, Inc. ("Vanderbilt"), and its successors and assigns. Borrower promises to advise Lender in writing of any change of Borrower's mailing address while this Note is in effect. Lender should send any papers or notices concerning this Note to Borrower's mailing address. On the date of this Note, Borrower finances with Lender the manufactured home described below, together with the related services, furnishings, equipment, appliances and accessories included with the manufactured home (collectively called "Manufactured Home").

**Description of Manufactured Home**     New [X] Used [ ]

| TRADE NAME: | CAVALIER | ADDITIONAL ACCESSORIES AND FURNISHINGS: ITEM AND SERIAL # | |
|---|---|---|---|
| YEAR: | | dishwasher ffbd2406nb7b | microwave ffmv162iba |
| MODEL: | 73RON16843BH16 | furnace e4eb010h | |
| SERIAL NO: | CBC047184AL | range ffef3011lbg | |
| SERIAL NO: | | refrigerator fftr1814qb3 | |

**PROMISE TO PAY:** In return for a loan received Borrower promises to pay U.S. $68,570.86 (this amount is called "Principal" and may include unpaid prepaid finance charges), plus interest, to the order of Lender. Interest will be charged on the unpaid Principal until the full amount of Principal has been paid. Lender will compute and charge interest on the unpaid amount of the Principal balance from the Note date at the yearly rate of 10.14% (the "Note Rate"). When Lender calculates interest, every year shall have 360 days and every month shall have 30 days. Borrower promises to pay interest at the Note Rate on the unpaid Principal balance until it is paid in full. Interest after the final scheduled maturity date on this Note, however, shall not exceed the maximum rate allowed by state law.

Borrower promises to pay Lender monthly payments in the number and amounts of payments shown in Borrower's Payment Schedule. Borrower's first payment will be due on the first date shown in Borrower's Payment Schedule, and subsequent payments will be due on the same day of each month after that.

Lender will apply each payment received as of its scheduled due date. If on the final scheduled payment due date, Borrower still owes amounts under this Note, Borrower will pay those amounts in full on that date (the "Maturity Date"). Borrower will make all payments to Vanderbilt Mortgage and Finance, Inc., P.O. Box 9800, Maryville, Tennessee 37802, or any other address to which Lender later tells Borrower (in writing) to send Borrower's payments.

**Borrower's Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| | | Monthly, Beginning: | | | Monthly, Beginning: | | | Monthly, Beginning: |
| 276 | $642.40 | 05/01/2017 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Borrower's total monthly payment will be higher than set forth above if Borrower is required to pay Escrow Items in accordance with the section of this Note titled "Escrow Items" and/or a separate Escrow Agreement.



EXHIBIT A

**SECURITY INTEREST:** To secure payment of all sums due or which become due under this Note, and Borrower's performance of all other terms of the Note, Borrower grants Lender a first priority security interest in (1) the Manufactured Home, and all accessions, attachments, accessories, replacements and additions to the Manufactured Home, whether added now or later, (2) the "Property" described in any mortgage or deed of trust Borrower gives to Lender, (3) Borrower's rights to refunds of premiums for and payments under, and proceeds of any insurance or any extended warranty or service contract purchased with the proceeds of this Note, (4) any amounts held in escrow by Lender for Borrower, and (5) proceeds and products of all of the foregoing (collectively, the "Collateral"). Lender's security interest shall remain in effect until Borrower pays, in full, all amounts due under the Note. Despite any other provision of the Note, however, Lender is not granted, and does not have, a nonpurchase money security interest in household goods, to the extent such a security interest is prohibited by applicable law. Borrower will pay any filing or recording fees necessary for Lender to obtain and hold a first priority security interest. To the extent allowed by law, Borrower also agrees to pay any release, discharge or termination fees, after the Borrower pays the Note in full. Borrower agrees to execute any application for certificate of title or ownership, financing statement or other document necessary to perfect Lender's security interest in the Manufactured Home. Borrower authorizes Lender to sign Borrower's name to any financing statement or application or other document, necessary to perfect the security interest granted by Borrower herein. If Lender is taking a security interest in real property, such interest is reflected in a mortgage or deed of trust signed in conjunction with this Note.

**BORROWER'S RIGHT TO PREPAY: BORROWER MAY PREPAY ANY AMOUNTS DUE UNDER THIS NOTE AT ANY TIME WITHOUT PENALTY.** A Principal only payment is known as a "Prepayment." Lender will not treat a payment as a Prepayment unless the Borrower previously made all monthly payments of principal and interest and fully paid and satisfied all other obligations due under this Note. If the Borrower meets these conditions, Borrower may make a Prepayment by sending such Prepayment in accordance with the written instructions provided by Lender in a monthly billing statement or otherwise. Borrower may make a full Prepayment or partial Prepayments without paying a Prepayment charge. If Borrower (1) prepays this Note in full, or (2) defaults and fails to cure the default and Lender demands payment of the entire balance due on this Note, no portion of any prepaid finance charge will be refunded. All prepaid finance charges are earned at the time this Note is made.

**ASSUMPTION:** Someone buying the Manufactured Home may assume the remainder of Borrower's obligations under this Note on the original terms only if such person is approved by Lender.

**PROPERTY INSURANCE:** Borrower is required to insure the Manufactured Home against physical damage, including loss by fire, hazards included within the term "extended coverage," and any other hazards for which Lender requires insurance, for the term of the Note at Borrower's expense. If Borrower financed the premium, the premium is financed over the term of the Note, even though the term of insurance is less than the Note term. The Borrower must obtain the types and amounts of insurance coverage required by Lender, including flood insurance if applicable. The insurance policy must contain a loss payable clause protecting Lender (as Lender's interest may appear), and provide for at least a 10 day notice of cancellation to Lender. Borrower agrees to provide written proof of such coverage to Lender within 5 days of Lender's request. <u>**BORROWER HAS THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THE PROPERTY INSURANCE IS OBTAINED.**</u> Lender reserves the right to refuse to accept, for reasonable cause, an insurer chosen by the Borrower. If Borrower's insurance coverage expires or is canceled prior to payment in full of this Note, Borrower must obtain coverage in the amounts, types, and for the periods that Lender requires at Borrower's expense for the remaining term of the Note. Lender's property insurance coverage requirements can change during the term of the Note. Should Borrower fail to provide or maintain property insurance or fail to provide Lender with satisfactory evidence of coverage, or should the property insurance, for any reason, not protect Lender's interests, Lender, in its sole discretion, may obtain property insurance that meets its requirements, including insurance that may protect both Borrower's and Lender's interests, but is under no legal obligation to do so. Before obtaining insurance in these circumstances, Lender will, in good faith, attempt to inform Borrower in writing of the need for Borrower to obtain property insurance and/or to provide evidence thereof. If obtained by Lender, Lender will add the cost of the insurance to the amount due under the Note. That amount will become due and payable upon demand by the Lender, in payments added to Borrower's scheduled payments, or as otherwise required by Lender. Lender may charge Borrower interest on such cost at the Note Rate, unless prohibited by applicable law. The property insurance obtained by Lender may have material differences from insurance initially financed under the Note or from insurance obtained by the Borrower initially or at any time during the term of the Note. Such insurance may be significantly more expensive to Borrower than if Borrower obtained the insurance. Consequently, Lender makes the following disclosures to Borrower: (a) The property insurance that Lender obtains is intended solely to protect the Lender's interest hereunder, and Lender may not obtain coverages beyond those to insure loss of or damage to the Manufactured Home; in particular, such insurance may not provide coverage for personal effects, adjacent structures, medical expenses or personal liability; additionally, such coverage may not insure the Manufactured Home in an amount equal to the unpaid Principal balance due under this Note and, consequently, in the event of loss or damage, the insurance may not pay the full amount of the unpaid Principal balance of the Note; (b) If Lender obtains this insurance due to Borrower default, Borrower acknowledges and agrees that Lender has no duty to obtain insurance on behalf of Borrower which is the least expensive, or which has a competitive marketplace premium or any other particular feature; (c) Lender or its affiliates may be reimbursed for expenses and may profit from taking action to cure Borrower's default by providing and maintaining such insurance; (d) Borrower's execution of this Note authorizes Lender to provide third parties with any information necessary to obtain insurance on the Manufactured Home and monitor

Consumer Loan Note (Home Only and Land) - AL  Page 2 of 6  Vanderbilt Mortgage and Finance, Inc.
2686 07/2016 NoteAL714                                                                 Amalia Hoggatt MLO#

Case 17-32427   Doc 37   Filed 10/27/17   Entered 10/27/17 09:08:02   Desc Main
                         Document     Page 5 of 10

the status of such insurance; and (e) Borrower may, as stated above, at any time, including after Lender obtains property insurance on Borrower's behalf, obtain insurance through an agent or insurer of Borrower's choice. Upon so doing, Borrower may provide Lender with sufficient evidence of insurance coverage, at which time, Lender will cancel the insurance coverage it obtained on Borrower's behalf, obtain any refund due on the unearned portion of the premium, and apply the refund to the unpaid Principal balance of the Note. Property insurance proceeds (whether such insurance has been obtained by Borrower or Lender) shall be applied to the restoration or repair of the Manufactured Home, if it is economically feasible and does not lessen the Lender's security interest in the Manufactured Home. If this is not the case, or if the insurer determines that the Manufactured Home represents a total loss under the coverage, Lender will apply such insurance proceeds to reduce all amounts owing under this Note, whether or not such amounts are due and payable. Borrower authorizes Lender to (a) adjust or settle Borrower's claim for loss under such insurance; (b) sign Borrower's name to any check, draft or other documents necessary to obtain such insurance proceeds; and (c) hold such insurance proceeds until Lender has the opportunity to inspect the Manufactured Home and ensure that work to restore or repair the Manufactured Home is completed to Lender's satisfaction, without incurring an obligation to pay Borrower earnings or interest on such proceeds. Lender may disburse proceeds in a single payment or a series of payments and Borrower authorizes any insurer to make such payment directly to Lender. If insurance proceeds paid to Lender do not satisfy all amounts Borrower owes to Lender under this Note, Borrower is responsible for paying the balance.

**ESCROW ITEMS:** To the extent permitted by law, Lender may, at Lender's option, require Borrower to make payments in addition to those set forth in Borrower's Payment Schedule ("Escrow Payments") which Lender will collect and hold for (1) the payment of property insurance premiums required under this Note, (2) the payment of taxes and assessments, and (3) other items which might attain priority over Lender's security interest (each, an "Escrow Item"). Lender will use Borrower's Escrow Payments to pay Escrow Items as they come due. **THE BORROWER'S PAYMENT SCHEDULE IN THIS NOTE DOES NOT INCLUDE ANY AMOUNT TO BE PAID UNDER ANY SUCH ESCROW ACCOUNT.**

**SERVICING CHARGES:** Borrower agrees to pay all reasonable charges for Lender's performance of additional services requested by Borrower in connection with the servicing of this Note, to the extent permitted by applicable law. These charges may include, but are not limited to, amortization schedule fee, document copy fee, duplicate year end statement fee, name change fee, payoff statement fee, pay-by-phone fee or convenience fee (if Borrower elects to make a payment in a manner where such a fee is imposed, including but not limited to a wire transfer, electronic transfer, or through a web site), payment history fee, short payoff overnight fee and verification of credit fee and verification of mortgage fee.

**ADVANCES TO PROTECT THE COLLATERAL:** If Borrower fails to pay for required insurance, if Borrower fails to pay park or lot rent (and any other related charges), if Borrower fails to satisfy taxes, assessments, or other liens or encumbrances against the Manufactured Home, if Borrower fails to keep the Manufactured Home in good repair or if Borrower fails to make any other payments required by this Note or applicable law, Lender may (but is not required to) make such repairs or payments as Lender chooses. Lender will add any and all such payments and any amounts Lender pays to protect or enforce Lender's security interest to the amount Borrower owes Lender under this Note, and all such amounts will be secured by the Collateral. At Lender's sole option, Lender may (1) demand that Borrower repay these amounts immediately, or (2) add these amounts to Borrower's regularly scheduled payments, or (3) add these amounts as additional installments due, or (4) add these amounts to the final installment due on this Note. Unless prohibited by law, Borrower agrees to pay interest at the Note Rate on any amounts that Borrower does not repay immediately.

**DELINQUENCY AND DEFAULT:** Time is of the essence. If a payment is more than 15 days late, Borrower agrees to pay a Late Charge to the Lender. The amount of the charge will be 5% of the unpaid amount of such payment or $100.00, whichever is less.

If any check, negotiable instrument of withdrawal, electronic payment draft or any other instrument is dishonored by Borrower's financial institution, Borrower will pay a fee of $20.00, in addition to being required to make payment on the item. Borrower will be in default under this Note if: (1) Borrower fails to make any payment when due; (2) Borrower otherwise fails to perform any of Borrower's obligations under this Note or under any mortgage or deed of trust which secures this Note; (3) Borrower dies or becomes legally unable to manage Borrower's affairs; (4) any statement of fact, representation or warranty Borrower makes to Lender in Borrower's application for credit, any other document submitted to the Lender or signed by Borrower in connection with this Note, or in any Note document is false, misleading, inaccurate, or incomplete; or (5) Borrower files a petition in bankruptcy, or a party files a petition in bankruptcy against Borrower. In the event of Borrower's default, Lender will give Borrower notice of the default and right to cure the default ("Notice of Default"). Borrower is not entitled to a Notice of Default if Borrower abandons or voluntarily surrenders the Manufactured Home, or if other extreme circumstances exist. Borrower is not, under any circumstances, entitled to a Notice of Default more than twice in any one year period. If Borrower does not cure the default within 30 days after the postmarked date of the Notice of Default, or if a Notice of Default is not required to be sent, Lender may (1) accelerate the maturity of the debt and require Borrower to pay Lender the entire remaining balance and all other amounts due under the Note, (2) require Borrower to make the Manufactured Home available to Lender, (3) take legal action against Borrower, (4) repossess the Manufactured Home, (5) enforce such rights and remedies available to Lender under the uniform commercial code and other applicable law, and (6) foreclose on the real property, if applicable. Lender, at its sole option, may elect to sever and remove the Manufactured Home from any real property where it is located, regardless of whether the real property secures this Note. In the event of default, Borrower also agrees to pay Lender's expenses for (a)

Case 17-32427   Doc 37   Filed 10/27/17   Entered 10/27/17 09:08:02   Desc Main
                        Document      Page 6 of 10

reasonable attorney's fees not to exceed 15% of Borrower's unpaid Principal balance after referral to an attorney who is not a salaried employee of the Lender; (b) court costs and disbursements; and (c) costs of repossessing the Manufactured Home including the costs of storage, reconditioning, and resale. Before Lender sells the Manufactured Home, Borrower can get the Manufactured Home back if Borrower either (1) pays off the Note by paying Lender the entire remaining balance and all other amounts due under the Note (redeem), or (2) cures the default by paying Lender the amounts which are past due, including Late Charges (reinstate). Regardless of whether Borrower redeems or reinstates, and before Borrower can get the Manufactured Home back, Borrower must also (1) pay Lender the cost of taking, storing and redelivering the Manufactured Home and other expenses Lender incurs; (2) pay Lender all other charges and other expenses provided for under this Note; (3) pay any amounts advanced by Lender to protect the Collateral, without regard to any agreement to repay such amounts advanced on a periodic basis, including but not limited to unpaid insurance premiums, park or lot rent, taxes, assessments or similar items; and (4) cure any other defaults. Borrower's rights to redeem and/or reinstate end upon sale of the Manufactured Home unless otherwise required by law. All rights and remedies under this Note and any mortgage or deed of trust executed herewith are cumulative, but Borrower's right to a written notice of default and 30 days to cure, as set forth in this Note, shall not be affected by any inconsistent provision of any mortgage or deed of trust. Any personal property of Borrower's located in or attached to the Manufactured Home and not subject to Lender's security interest may be held by Lender without liability if the Lender repossesses the Manufactured Home. Borrower will be deemed to have waived any claim to such personal property unless written demand by certified mail is made upon Lender within twenty-five (25) days after repossession. If Borrower fails to give Lender such written demand, Lender may dispose of such personal property.

**INFORMATION SHARING:** Lender may investigate Borrower's credit history and credit capacity in connection with establishing, modifying, extending, and/or enforcing Borrower's account, and share information about Borrower and Borrower's account with credit reporting agencies and others as allowed by law. Lender may also verify Borrower's employment, income, assets, and debts; and anyone receiving a copy of this Note is hereby authorized to release such information to Lender. Borrower authorizes Lender to release to third parties any information necessary to monitor the status of insurance on Borrower's Manufactured Home, and to obtain the insurance described in this Note. If Borrower's Manufactured Home is on rented property or property that is not owned by Borrower, Borrower authorizes Lender and Borrower's landlord (or the property owner) to exchange information as to Lender's security interest in Borrower's Manufactured Home and the lease or arrangement, as well as to the obligations, and the status of such obligations, of Borrower to Lender under this Note. Whether or not the Borrower rents the Manufactured Home to a party in accordance with the terms of this Note, Borrower authorizes Lender and Borrower's renter to exchange information as to Lender's security interest in Borrower's Manufactured Home and the rental agreement or arrangement, as well as to the obligations, and the status of such obligations of Borrower to Lender under this Note. This provision also applies to any Co-Signer who executes this Note.

**OTHER TERMS AND CONDITIONS:** Borrower will not move the Manufactured Home without Lender's prior written consent. Borrower will not sell the Manufactured Home without Lender's prior written consent. Borrower agrees that the Manufactured Home is, and shall remain, during the term of this Note, personal property. Unless Lender gives prior written consent, Borrower shall not allow the Manufactured Home to become a part of real estate or to lose its status as personal property under applicable law. Borrower will not encumber or abandon the Manufactured Home, nor allow any lot lien, landlord lien, or similar lien, which may by law be superior to Lender's security interest, to encumber the Manufactured Home. Borrower will not use the Manufactured Home for illegal activity. Borrower will not use the Manufactured Home for business or hire, or rent it to another party, without obtaining Lender's prior written consent. Borrower will pay promptly all taxes, assessments, and any liens and encumbrances on the Manufactured Home. Borrower will notify Lender promptly of any loss or damage to the Manufactured Home, as well as any condemnation, confiscation or theft of the Manufactured Home. Upon Lender's request, Borrower will promptly provide Lender with proof satisfactory to Lender that: (1) Borrower has the insurance required under this Note; (2) Borrower has paid all taxes assessed against the Manufactured Home; (3) Borrower has paid all park or lot rent (and any other related charges) due; (4) Lender holds the only lien against the Manufactured Home; (5) the Manufactured Home is in good condition and repair; and (6) Borrower has complied with all of the promises Borrower made in this Note. Lender may inspect the Manufactured Home at any time. If Borrower is married, and residing in a community property state, both Borrower's community property and separate property are liable for all payments under this Note. Borrower waives all marital rights, homestead exemption and other exemptions relating to the Collateral. Borrower will cooperate with Lender regarding any requests after closing to correct any errors with respect to this Note or the transaction and agrees to provide any and all additional documentation deemed necessary by Lender to complete this transaction. Lender may rely on a telecopy, photocopy, or electronically imaged copy of this Note as if it were an original, including use in legal proceedings or arbitrations. Borrower acknowledges that any broker or other third party used to facilitate this transaction may receive compensation from Lender for its services. If Borrower purchased a Home Buyer Protection Plan (HBPP) or Home Protection Plan (HPP), the cost is financed over the term of the Note, even though the term of the plan is shorter than the Note term.

**WAIVER AND MODIFICATION:** Lender's waiver of any default shall not constitute a waiver of any other default. The procurement of required property insurance, or the payment of taxes, or other liens, or other charges, by Lender shall not be a waiver of Lender's right to accelerate the maturity of this Note and declare default herein. To the extent permitted by

law, Borrower agrees to give up Borrower's rights to require Lender to do certain things. Borrower does not give up any rights that are provided in this Note. Unless the law or this Note provides otherwise, Lender is not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or, (3) give notice that Lender intends to make, or is making, this Note immediately due.

**VALIDITY AND EFFECTIVENESS:** Wherever possible each provision of this Note shall be interpreted in such a manner as to be effective and valid under applicable law. If any provision of this Note is prohibited by or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity, however, the remainder of such provision or the remaining provisions of this Note shall not be invalidated. This Note shall be governed both as to issues of formation and performance by the laws of the state where the Manufactured Home is located and applicable federal law. This Note shall have no effect until and unless signed <u>or authenticated</u> by Borrower. Lender does not intend to charge or collect any interest, charge, or fee greater than the law allows. If Lender charges or collects any amount greater than what the law allows, Lender will apply the excess to the unpaid Principal balance and any other amounts due under the Note and shall refund any excess. Lender will treat any amount applied to the unpaid Principal balance as a partial Prepayment.

**ASSIGNMENT:** Lender may assign this Note to any person or entity.

**ENTIRE AGREEMENT:** This Note, any separate escrow agreement, and any mortgage or deed of trust, together, the "Entire Agreement Documents," shall constitute the entire agreement between Borrower and Lender. To the extent permitted by applicable law, Borrower agrees that no representations, oral or written, have been made to Borrower to induce Borrower to enter into the Entire Agreement Documents, except as set forth therein.

**GUARANTY:** Any Co-Signer signing the guaranty of this Note agrees that all amounts owed under this Note will be paid when due. Co-Signer's obligation continues even if Borrower is released or if Lender waives or delays enforcement of any rights under this Note. Lender need not give Co-Signer notice of any such waiver, delay or release. See Notice to Co-Signer before signing this guaranty.

**OTHER WAIVERS:** With respect to all disputes, claims, controversies, grievances, causes of action, including, but not limited to, common law claims, contract and warranty claims, tort claims, statutory claims, and, where applicable, administrative law claims, and any other matter in question ("Claims") arising from or relating to this Note, any products/goods, services, insurance, or real property (including improvements to the real property) sold or financed under this Note, any events leading up to this Note, the collection and servicing of this Note, and the interpretation, scope, validity or enforceability of this Note, except to the extent that Borrower establishes that the waiver is prohibited by law:

A. <u>Class Action Waiver</u>: Borrower waives the right to participate as a representative or member in a class action or otherwise join Borrower's Claims with those of any other person. This waiver will remain enforceable even if any portion of this Note is otherwise found to be unenforceable. Borrower and Lender agree that this waiver is made knowingly, willingly, and voluntarily.

B. <u>Jury Waiver</u>: Borrower and Lender hereby expressly and irrevocably waive any right to a trial by jury of any Claims covered by this Note. This waiver will remain enforceable even if any portion of this Note is otherwise found to be unenforceable. Borrower and Lender agree that this waiver is made knowingly, willingly, and voluntarily.

TO CONTACT VANDERBILT MORTGAGE AND FINANCE, INC. ABOUT THIS ACCOUNT
CALL (865) 380-3000 OR (800) 970-7250.

**THIS SPACE LEFT BLANK INTENTIONALLY**

Consumer Loan Note (Home Only and Land) - AL
2686 07/2016 NoteAL714

Page 5 of 6

Vanderbilt M~~~~~~ and Finance, Inc. NMLS#
Amalia H

Case 17-32427   Doc 37   Filed 10/27/17   Entered 10/27/17 09:08:02   Desc Main
Document   Page 8 of 10

☒ **IF, AND ONLY IF, THIS BOX IS CHECKED, THE FOLLOWING NOTICE APPLIES TO THIS NOTE:**

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR (BORROWER) COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR (BORROWER) SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR (BORROWER) HEREUNDER.

NOTICE TO THE BORROWER: 1. DO NOT SIGN THIS NOTE BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. 2. YOU ARE ENTITLED TO AN EXACT COPY OF THE NOTE YOU SIGN. KEEP IT TO PROTECT YOUR LEGAL RIGHTS. 3. BY SIGNING THIS NOTE, YOU ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS NOTE. 4. AT ANY TIME, YOU HAVE THE RIGHT TO PAY IN ADVANCE THE UNPAID PRINCIPAL BALANCE DUE UNDER THIS NOTE WITHOUT PENALTY.

Date of this Note: 3/23/2017

CAUTION - IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.

**BORROWER(S)**

*Shanna Childers Ingram* — 265C2444ECC64E9...        3/23/2017
(Borrower) Shanna Childers Ingram

*Michael Anthony Ingram* — 265C2444ECC64E9...        3/23/2017
(Borrower) Michael Anthony Ingram

GUARANTY OF BORROWER'S PROMISES: The undersigned, separately and together, agree(s) to pay all amounts due on this Note until all amounts due on this Note are paid in full. The undersigned also agree(s) to all the terms and conditions of this Note.

_____
(Co-Signer)

_____
(Co-Signer)

**ASSIGNMENT BY VANDERBILT MORTGAGE AND FINANCE, INC.**

**VANDERBILT MORTGAGE AND FINANCE, INC.**, hereby assigns to _____
the foregoing Note, including all amounts payable by Borrower and the security interest in the Collateral, without recourse.

Date: _____ By: _____ Title: _____

Consumer Loan Note (Home Only and Land) - AL    Page 6 of 6    Vanderbilt Mortgage and Finance, Inc. NMLS #
2686 07/2016 NoteAL714                                          Amalia H.

Case 17-32427   Doc 37   Filed 10/27/17   Entered 10/27/17 09:08:02   Desc Main
                         Document      Page 9 of 10



# STATE OF ALABAMA
## DEPARTMENT OF REVENUE

### CERTIFICATE OF TITLE FOR A VEHICLE

| TITLE NO. | VEHICLE IDENTIFICATION NUMBER | TRANS CODE | DATE ISSUED |
|---|---|---|---|
| 53446043 | CBC047184AL | 61 | 05/03/2017 |

| YR. MODEL | MAKE | MODEL | BODY TYPE | PREV AL TITLE NO. |
|---|---|---|---|---|
| 2016 | CAVALIE | 73RON16843BH | MH | |

| CYL | NEW | USED | DEMO | PURCHASE DATE | NO. LIENS | COLOR | ODOMETER |
|---|---|---|---|---|---|---|---|
| 00 | | XX | | 03/23/2017 | 1 | TAN | EXEMPT |

NAME(S) AND MAILING ADDRESS OF OWNER(S)

INGRAM SHANNA CHILDERS AND INGRAM MICHAEL ANTHONY
100 TODD RD
DEATSVILLE AL 36022

MAIL TO:
VANDERBILT MORTGAGE AND FINANCE INC
500 ALCOA TRAIL
MARYVILLE TN 37804

LEGEND(S):

1ST LIENHOLDER'S NAME, ADDRESS AND LIEN DATE   03/23/2017
VANDERBILT MORTGAGE AND FINANCE INC
500 ALCOA TRAIL
MARYVILLE TN 37804

2ND LIENHOLDER'S NAME, ADDRESS AND LIEN DATE

**RELEASE OF LIEN**
The holder of lien on the vehicle described in this Certificate does hereby state that the lien described in said Certificate of Title is released and discharged.

First Lienholder _____
By _____
Signature of Authorized Agent
Date _____

Second Lienholder _____
By _____
Signature of Authorized Agent
Date _____

CONTROL NUMBER
48842931

**KEEP IN A SAFE PLACE — ANY ALTERATION OR ERASURE VOIDS THIS TITLE**

---

**PLEASE DETACH**



0602-01-00-0006310-0004-of-0005-0009798